782 F.2d 1042
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DOROTHY HARRELL, Plaintiff-Appellant
v.
UNITED STATES STEEL CORPORATION, et al., Defendants-Appellees.
 83-3554
 United States Court of Appeals, Sixth Circuit.
 12/3/85
 
 ORDER
 Before: MERRITT and KENNEDY, Circuit Judges; and PECK, Senior Circuit Judge.
 
 
 1
 This case is one of 14 cases arising out of U.S. Steel's acquisition of Marathon which were before the District Court. Chief Judge Carl B. Rubin consolidated 12 of the 14 cases for trial with Radol v. Thomas, No. 83-3598 (6th Cir. Sept. 13, 1985). The Starkman case was initially consolidated with Radol but then severed, because the claims in that case concerned events immediately prior to those at issue in Radol. See Starkman v. Marathon Oil Co., No. 84-3215 (6th Cir. Sept. 13, 1985). Judge Rubin intended to consolidate this case with Radol, but the order effecting that result was not filed of record, because of clerical oversight.
 
 
 2
 Judge Rubin appointed a Lead Counsel Committee to try the cases consolidated with Radol. The Lead Counsel Committee conducted all pretrial proceedings and tried the case on behalf of all of the plaintiffs in the consolidated cases and the class they represented. Some of the claims they presented were eliminated by the granting of partial summary judgment in favor of the defendants. Prior to the commencement of trial, defendant The First Boston Corporation ('First Boston'), Marathon's financial advisor in the transaction, was dismissed with prejudice. The plaintiffs' remaining claims, including alleged violation of federal securities laws, common law fraud (which claims were voluntarily dismissed by the plaintiffs at the close of the evidence) and breach of fiduciary duty, were tried to the jury, which rendered a verdict in favor of the defendants. Judgment was entered on that verdict on June 30, 1983.
 
 
 3
 Harrell does not dispute that she was aware that this case had been transferred to Ohio. Between October 8, 1982, when this case was transferred, and the conclusion of the Radol trial on June 3, 1983, plaintiff made no effort to prosecute this case or even make any inquiry as to its status. Her conduct confirms the representations which she made to the Court in Texas:[1] that she had no intention of trying this case in Ohio and preferred to have the merits adjudicated in the Radol case. Further confirmation of Harrell's intention is provided by her failure to participate personally in the appraisal proceeding to determine the fair cash value of dissenters' shares under Ohio law. Harrell requested counsel for one of the participants to inform the Court that Harrell wished merely to adopt the evidence of the other plaintiffs. See Affidavit of John L. Strauch attached to defendants-appellees' principal Brief.
 
 
 4
 On July 6, 1983, Judge Rubin became aware of his inadvertent failure to enter on the record a written order consolidating Harrell with Radol. On that date, he entered an order of consolidation nunc pro tunc and dismissed this action with prejudice--the latter action having already been taken with respect to the other 12 consolidated cases. Judge Rubin denied Harrell's subsequent motion for a new trial.
 
 
 5
 In his order, Judge Rubin made clear: (1) that the failure to enter a written order of consolidation was an inadvertent clerical error; and (2) that consolidation nunc pro tunc did not prejudice Harrell in any way, because an earlier consolidation would not have altered Harrell's rights, the conduct of the proceedings in Radol, or the result reached in that litigation in any manner whatsoever.
 
 
 6
 In light of Harrell's judicial admission in Texas concerning her position in the case and in light of the fact that her position has not been harmed or prejudiced by the clerical omission aforesaid, we do not see that the action of the District Court in dismissing her case was error or that it violated her rights under the due process clause.
 
 
 7
 Accordingly, the judgment below is affirmed.
 
 
 
 [1]
 Although nominally opposing the motion to transfer the case from Texas to Ohio, plaintiff Harrell's 'Answer to Motion to Transfer & Motion to Stay' (App., pp. 12-18) made clear that she had no intention of incurring the 'prohibitive' cost and burdens of litigation in Ohio, that she was content to have the merits of her claims decided by the Ohio District Court, and that she sought only to have her damages determined by the District Court in Texas (id., p. 14) (emphasis added):
 'The plaintiff, Dorothy M. Harrell, states in connection with her Answer to the defendants' Motion to Transfer that she moves the Court to stay and abate any further proceedings in this Court and that said Court retain her law suit. She further states that it appears that every possible issue of fact and of law will be raised and litigated in the law suits pending in the United States District Court, Southern District of Ohio, Western Division. It also appears that said facts and question of law will become res judicata and that collateral estoppel will apply to this plaintiff; and, that the only issue or only matter that will arise as to this plaintiff would be the amount of damages. She states that to require the transfer of her case to Ohio and to incur the additional expense of employing an additional attorney, travel expenses to and from Cincinnati, Ohio on each and every motion that the other plaintiffs and the defendants employ makes it prohibitive, plus the inconvenience of being forced to take off the additional time from her job for hearings and the trial works a hardship and an injustice to her, and especially when this law suit can be retained by this Court and a Judgment rendered thereon based upon the facts and issues established in the U.S. District Court, Southern District of Ohio, Western Division, in Cincinnati, Ohio.'